

# THE ATTORNEY GENERAL
# OF TEXAS

May 15, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Edward Woolery-Price
Colorado County Attorney
910 Milam
Columbus, Texas   78934

Opinion No.   JM-703

Re:   Whether acquittal or dismissal of a charge of driving while intoxicated is a defense to a proceeding under article 6701*l*-5, V.T.C.S., to suspend a driver's license

Dear Mr. Woolery-Price:

You ask:

Whether an acquittal or dismissal of a charge of driving while intoxicated is a defense to a proceeding under article 6701*l*-5, V.T.C.S., to suspend a driver's license?

Article 6701*l*-5, V.T.C.S., provides in part:

Section 1. Any person who operates a motor vehicle upon the public highways or upon a public beach in this state shall be deemed to have given consent, subject to the provisions of this Act, to submit to the taking of one or more specimens of his breath or blood for the purpose of analysis to determine the alcohol concentration or the presence in his body of a controlled substance or drug if arrested for any offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle while intoxicated. Any person so arrested may consent to the giving of any other type of specimen to determine his alcohol concentration, but he shall not be deemed, solely on the basis of his operation of a motor vehicle upon the public highways or upon a public beach in this state, to have given consent to give any type of specimen other than a specimen of his breath or blood. The specimen, or specimens, shall be taken at the request of a peace officer having reasonable grounds to believe the person to have

been driving or in actual physical control of a motor vehicle upon the public highways or upon a public beach in this state while intoxicated.

Sec. 2. (a) Except as provided by Subsection (i) of Section 3 of this Act, if a person under arrest refuses, upon the request of a peace officer, to give a specimen designated by the peace officer as provided in Section 1, none shall be taken.

(b) Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution, and that the person's license, permit, or privilege to operate a motor vehicle will be automatically suspended for 90 days after the date of adjournment of the hearing provided for in Subsection (f) of this section, whether or not the person is subsequently prosecuted as a result of the arrest. If the officer determines that the person is a resident without a license or permit to operate a motor vehicle in this state, the officer shall inform the person that the Texas Department of Public Safety shall deny to the person the issuance of a license or permit for a period of 90 days after the date of adjournment of the hearing provided for in Subsection (f) of this section, whether or not the person is subsequently prosecuted as a result of the arrest. The officer shall inform the person that the person has a right to a hearing on suspension or denial if, not later than the 20th day after the date on which the notice of suspension or denial is received, the department receives a written demand that the hearing be held.

(c) The officer shall provide the person with a written statement containing the information required by Subsection (b) of this section. If the person refuses the request of the officer to give a specimen, the officer shall request the person to sign a statement that the officer requested that he give a specimen, that he was informed of the consequences of not giving a specimen, and that he refused to give a specimen.

(d) If the person refuses to give a specimen, whether the refusal was express or the result of an intentional failure of the person to give a specimen as designated by the peace officer, the officer before whom the refusal was made shall immediately make a written report of the refusal to the Director of the Texas Department of Public Safety.

(e) The director shall approve the form of the report. The report must show the grounds for the officer's belief that the person had been operating a motor vehicle while intoxicated. The report must also show that the person refused to give a specimen, as evidenced by:

(1) a written refusal to give a specimen, signed by the person; or

(2) a statement signed by the officer stating that the person refused to give a specimen and also refused to sign the statement requested by the officer under Subsection (c) of this article.

(f) When the director receives the report, the director shall suspend the person's license, permit, or nonresident operating privilege, or shall issue an order prohibiting the person from obtaining a license or permit, for 90 days effective 28 days after the date the person receives notice by certified mail or 31 days after the date the director sends notice by certified mail, if the person has not accepted delivery of the notice. If, not later than the 20th day after the date on which the person receives notice by certified mail or the 23rd day after the date the director sent notice by certified mail, if the person has not accepted delivery of the notice, the department receives a written demand that a hearing be held, the department shall, not later than the 10th day after the day of receipt of the demand, request a court to set the hearing for the earliest possible date. The hearing shall be set in the same manner as a hearing under Section 22(a), Chapter 173, Acts of the 47th Legislature, Regular Session, 1941, as amended (Article 6687b, Vernon's Texas Civil Statutes). If, upon such hearing the court finds (1) that probable cause existed that such person was driving or in actual

> physical control of a motor vehicle on the highway
> or upon a public beach while intoxicated, (2) that
> the person was placed under arrest by the officer
> and was offered an opportunity to give a specimen
> under the provisions of this Act, and (3) that
> such person refused to give a specimen upon
> request of the officer, then the Director of the
> Texas Department of Public Safety shall suspend
> the person's license or permit to drive, or any
> nonresident operating privilege for a period of 90
> days, as ordered by the court.  If the person is a
> resident without a license or permit to operate a
> motor vehicle in this State, the Texas Department
> of Public Safety shall deny to the person the
> issuance of a license or permit for 90 days. . . .
> (Emphasis supplied).

Article 67011-5 focuses on the act of refusing to take a test rather than on the act of driving while intoxicated.  The "penalty" for refusing to take a breath test is a civil penalty, the temporary revocation of the privilege to drive a motor vehicle.  In order to impose this penalty under article 67011-5, the Department of Public Safety must prove three things:  (1) that probable cause existed that such person was driving while intoxicated, (2) that the person was given an opportunity to give a blood or breath specimen, and (3) that the person refused to give a blood or breath specimen.  The department does not have to show that the person actually was driving while intoxicated.

The degree of proof required in a criminal prosecution necessary to convict an accused of the offense of driving while intoxicated is beyond a reasonable doubt.  See Russell v. State, 551 S.W.2d 710 (Tex. Crim. App. 1977).  On the other hand, in a hearing under article 67011, the department must show by a preponderance of the evidence that the accused was driving while intoxicated.

Probable cause is reasonable ground for belief of guilt which means less than evidence which would justify a conviction.  Brinegar v. United States, 338 U.S. 160 (1949).

In Russell v. State, the court in holding that a defendant's acquittal of the offense of theft did not act as a bar to using the same offense as a basis for revoking probation, stated:

> The principal difference in a criminal prosecution
> and a revocation hearing is the degree of proof
> required.  Acquittal in a criminal proceeding
> merely determines that guilt was not proved beyond
> a reasonable doubt while in a revocation

proceeding proof need not be beyond a reasonable doubt but only by a preponderance of the evidence.

A lesser degree of proof is required in the hearing provided for in article 6701l-5 than is required for a criminal conviction for the offense of driving while intoxicated. Thus, in our opinion, an acquittal or dismissal of a charge of driving while intoxicated is not a defense to a proceeding under article 6701l-5 to suspend a driver's license.

### S U M M A R Y

An acquittal or dismissal of a charge of driving while intoxicated is not a defense to a proceeding under article 6701l-5, V.T.C.S., to suspend a driver's license.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General